GREEN v. KELLY, WEBER & CO., Inc.
(UNION CITY TRANSFER et al.,
Interveners).

No. 1877.

Court of Appeal of Louisiana.
First Circuit.

Oct. 5, 1938.

560

Elmer L. Stewart, of DeRidder, for plaintiff appellant.

Pujo, Hardin & Porter, of Lake Charles, for interveners appellants.

C. M. Moss and McCoy, King & Jones, all of Lake Charles, for appellee.

DORE, Judge.

Plaintiff instituted this suit against the defendant seeking to recover damages for personal injuries alleged to have been received by him.

Plaintiff alleges that on December 24, 1936, he was employed by the Union City Transfer as a truck driver; and while so employed, he was driving east with a truck loaded with oilfield piping on State Highway No. 90, known as the Old Spanish Trail, between Lakes Charles and Welch, at about 8:45 A. M., when an accident took place between the truck he was driving and another truck belonging to defendant company.

He alleges that he was proceeding cautiously, at about thirty miles per hour, carrying a full capacity load, the atmosphere being hazy and the line of vision not permitting any faster speed; that the defendant's truck was being backed up toward him without any signal or warning; that defendant's truck was being backed up diagonally across the road, with its left wheels 1½ feet over the black line; that another car was parked on the left side of the road where defendant's truck was backing up; that when plaintiff was near enough to discover the driver of defendant's truck backing toward him and turning the truck across the road to his left, it was impossible for him to stop with any degree of safety; that it was dangerous for him to turn to his left for the purpose of going around defendant's backing truck for fear of striking the parked car on the left and injuring the occupants thereof;

that, confronted with this emergency, and to avoid injuring others, he went off the road on the right hand side and went into a ditch, struck a culvert of an intersecting road, and causing his truck to climb the embankment and crossing the intersecting road, the truck coming to a stop on the other side of this road, the whole load of the truck being pushed forward against the cab, causing the injuries complained of.

Defendant denied that its truck driver was guilty of any negligence. It alleged that its truck driver was on his way to deliver some groceries at a point north of said paved highway on an intersecting gravelled road; and that because of the approach of another car from the east, the driver was unable to stop and turn into the intersecting gravel road to his left, and stopped his truck a short distance to the east beyond the intersecting road; that the said driver started to back his truck very slowly in the highway; and at that time, the truck and trailer driven by plaintiff passed to the south on the right side of the road and drove into a ditch about four feet deep and six feet wide, and then climbed the embankment and culvert, crossed the gravelled road and plunged into a ditch on the east side of this gravelled road.

Defendant alleges that the accident was caused solely by the negligence of plaintiff which contributory negligence is pleaded in the alternative, and consists in substance of allegations to the effect that plaintiff was driving his truck on a misty day at an excessive rate of speed with a heavy load of pipe so as to make it impossible for him to stop within the range of his vision; that plaintiff failed to maintain a proper lookout and without having his truck under proper control on approaching an intersecting road; without having sufficient brakes, and without applying the brakes when he saw defendant's truck on the highway; in driving his truck too closely behind defendant's truck, and in deliberately driving his truck and trailer into a ditch, over an embankment and culvert, and across the intersecting road on defendant's right hand side.

Further pleading in the alternative, defendant alleged that if its driver was in some manner negligent, then it is alleged that plaintiff had the last clear chance to avoid the accident after he saw the defendant's truck in the highway.

An exception of no cause or right of action was filed by defendant and overruled

by the court. No reference is made to this exception on the appeal, and it may be considered as abandoned.

The case was tried by a jury which rendered a unanimous verdict for the defendant. Plaintiff prosecutes this appeal from a judgment based on that verdict rejecting his demands.

The employer of plaintiff and its compensation insurance carrier intervened in the suit alleging that they had paid the plaintiff certain compensation on account of the injury and that suit was then pending against them for further compensation, and they denied the extent of the injuries claimed to have been sustained by plaintiff, but joined with him in his allegations charging defendant's truck with negligence. Interveners pray that in the event judgment is rendered against them for further compensation that they have judgment against defendant for compensation paid plaintiff and such further compensation as may be awarded him. The intervention was dismissed along with plaintiff's suit, and interveners have also appealed.

The testimony of the negro driver of defendant's truck shows that he was guilty of negligence. He says that he ran past this intersecting road some 25 or 30 feet; that he stopped and began to back up in the face of the oncoming truck driven by plaintiff; that as he started to back up, plaintiff's truck was about a half block behind him; that another car was coming from his front; that he backed up until the rear of his truck almost reached the intersection and stopped just as plaintiff's truck passed him from the rear on the right and crashed into the ditch and culvert of the intersecting road. If this testimony is true, it is obvious that the negro driver was backing up slowly from the time that he saw plaintiff coming a half block, or 150 feet, back of him until plaintiff reached a point opposite the negro driver off the right side of the road across the gravel road. In other words, the negro driver backed some 25 to 30 feet right in the face of plaintiff's oncoming truck 150 feet away, the two trucks approaching each other, defendant's truck slowly backing and plaintiff coming forward.

If the negro truck driver intended to turn into the gravel road to his left, as he states, it certainly was negligent in him to pass the intersection and then start backing up in the face of plaintiff's oncoming truck with a car approaching from the front. So far as we are able to find from his testimony, the negro driver did not even give any sign to indicate that he was going to turn to his left or to warn approaching traffic of his backing and turning. Act No. 21 of 1932, § 3, Rule 9.

However, while the testimony shows that the driver of defendant's truck was guilty of negligence, yet it avails plaintiff nothing because the testimony of plaintiff himself shows that he was guilty of such contributory negligence as to bar his recovery. Plaintiff says: "I was driving along about 30 miles an hour and I saw Kelly Weber truck about 150 feet in front of me stopped, I pulled on down the road, and, checked my speed first and pulled on down the road and he starts backing up, and I checked down some more and he stopped again and I eased toward him and he started backing up, so I applied the power to my truck and pulled in the ditch on the right hand side to keep from him backing into me."

The preponderance of the evidence shows that plaintiff was driving the truck around 30 miles per hour as stated in his testimony. He saw defendant's truck stopped about 150 feet ahead of him in the highway; he pulled on down the road and checked his speed, which means that he was travelling less than 30 miles per hour; defendant's truck then started backing up, and he checked down his speed still more, which can mean nothing else but that he was then going at a very moderate rate of speed, and he could have stopped in a very short distance going at that rate, according to other parts of his testimony. It is shown from the other evidence that defendant's truck was backing up very slowly, yet plaintiff pulled his truck off the road and into the ditch, putting on more power as he did so.

Plaintiff's explanation as to why he did not stop when he saw the defendant's truck backing up slowly is that he was afraid the truck would back into him and cause the pipe to push forward and hit him. But plaintiff was more than 60 feet behind defendant's truck when he took to the ditch on his right, and there is no reason why he could not have stopped his truck within that distance going at the moderate rate of speed that he said he was after having checked up twice from his thirty mile per hour speed.

562

Two highway patrolmen who testified for plaintiff saw the accident. They say that plaintiff did not slow up but put on more power as he turned off the road. Defendant's truck was much smaller than the truck and trailer driven by plaintiff, and it is hardly reasonable to assume that there was any danger of this smaller truck backing into the larger one had plaintiff brought his truck to a stop as he said he could have done at the rate he was travelling.

In our opinion, the reason that plaintiff ran off of the highway across the ditch and culvert on the right was because he did not have proper control of his truck driving on the highway under the circumstances as then existed. His failure to keep a proper lookout and keep his truck under control was the proximate cause of the accident. O'Rourke v. McConaughey, La. App., 157 So. 598.

We find no error in the verdict of the jury nor in the judgment of the lower court; and for these reasons, the judgment appealed from is affirmed.